UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RITA FLYNN,

    Plaintiff,

    -against-

NEW YORK STATE DIVISION OF PAROLE
and MICHAEL BURDI, Regional Director, New
York State Division of Parole,

    Defendants.

DOC # 1

07 CIV. 5821

COMPLAINT

**Jury trial demanded**

ECF Case



## INTRODUCTION

1. Plaintiff Rita Flynn brings this lawsuit against defendants New York State Division of Parole and Michael Burdi, Regional Director, New York State Division of Parole, alleging discrimination on the basis of gender and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Title VII of the Civil Rights Act of 1964.

## PARTIES

2. Plaintiff is a woman residing in Chester, Orange County, New York, who has been employed by the New York State Division of Parole since 1979.

3. Defendant New York State Division of Parole ("DOP") is a department of the executive branch and may be sued under Title VII.

4. Defendant Michael Burdi is the Regional Director of the New York State Division of Parole and is sued in his individual capacity.

1

**JURISDICTION AND VENUE**

5. Since all relevant events occurred within the County of Orange, New York State, venue is properly found in this Court.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3) & (4). It also has jurisdiction pursuant to 42 U.S.C. §2000e, *et seq.* and 42 U.S.C. §1983. As the State claims arise from the same facts as the Federal claims, this Court has subject matter jurisdiction over them pursuant to 28 U.S.C. §1367.

7. In or about August 2005, plaintiff dual-filed a charge of discrimination with the New York Division of Human Rights and the U.S. Equal Employment Opportunity Commission. Fewer than ninety hays have elapsed since plaintiff received her Notice of Right to Sue.

**FACTS**

8. Plaintiff has been employed by the New York State Division of Parole (DOP) since 1979.

9. Until 2000, plaintiff was assigned to the Newburgh Parole Unit where she was the only female parole officer.

10. Plaintiff's position as a parole officer requires both law enforcement and social work skills, as she must help parolees reintegrate into the community while enforcing their conditions of parole and, if necessary, causing them to be re-incarcerated. As a parole officer for more than 25 years, plaintiff works with many community agencies that provide services to parolees.

11. Plaintiff has an unblemished work history and an excellent reputation among her supervisors, co-workers and representatives of community agencies with which she

works.

12. In or about 1999, defendant Burdi commenced employment as defendant DOP's Director of Region III which included Orange, Dutchess and Westchester counties.

13. At all times relevant to this lawsuit, defendant Burdi was the DOP Regional Director and exercised management authority over the terms and conditions of plaintiff's employment.

14. Commencing in or about 2000, defendant Burdi began to treat plaintiff disparately from her similarly-situated male colleagues.

15. After two parolees filed unfounded complaints against plaintiff, Burdi failed to support plaintiff and, instead, transferred the two cases out of her work assignment. Burdi had never so responded to complaints against male parole officers.

16. After plaintiff was verbally attacked by a local community activist, Burdi failed to defend her, despite support by a number of community groups.

17. When those community leaders asked Burdi to meet with them to resolve the situation, Burdi refused without explanation.

18. Nevertheless, Burdi met with the community activists who had complained about plaintiff and released personal information about plaintiff and her family, in violation of DOP policy.

19. In or about 2003, because Burdi failed to properly resolve the situation in Newburgh, plaintiff transferred into the Sex Offender Case Load and became a member of the Orange County Sex Offender Task Force.

20. Burdi also unreasonably interfered in plaintiff's cases, undermining her credibility and reputation.

21. By his actions, Burdi encouraged parolees to make complaints against plaintiff when she charged them with parole violations or warned them that their misconduct would lead to re-incarceration.

22. Burdi treated male co-workers more leniently than plaintiff, failing to discipline them for infractions but disciplining plaintiff for lesser acts.

23. In addition to treating plaintiff disparately, Burdi tolerated vicious and lewd sexist statements in the workplace.

24. In or about August 2004, Burdi disciplined plaintiff for a parolee's complaint, gave her less than 24 hours to respond to the complaint and refused to allow her to have a union representative present.

25. Commencing in spring 2004, Burdi began making decisions about plaintiff's cases without conferring with her, undermining her credibility and reputation.

26. In spring 2005, Burdi removed plaintiff from the Sex Offender Task Force without explanation and over the objections of other members of the task force.

27. In or about November 2006, without explanation, Burdi suspended plaintiff pursuant to New York Civil Service Law §72 and ordered her to undergo a psychiatric evaluation.

28. In or about December 2006, DOP's Employee Health Services found plaintiff fit for duty and permitted her to return to work.

29. After plaintiff filed her administrative Charge of Discrimination, DOP commenced an internal investigation into her charges by its own Office of Professional Responsibility ("OPR") and prepared a report in December 2005.

30. After plaintiff requested a copy of this OPR report, she was denied it until May 2007.

31. The OPR report specifically addressed plaintiff's removal from the Sex Offender Task Force, allegations of disparate treatment and Burdi's release of plaintiff's personal information to the public.

32. The OPR report substantiated plaintiff's complaints about her removal from the Sex Offender Task Force and Burdi's release of personal information. It could not substantiate her complaints of disparate treatment without additional information.

33. Despite the OPR report, defendant DOP took no action against Burdi and, instead, plaintiff was subjected to retaliation by her supervisors, including creation of a hostile work environment, loss of overtime, suspension, micromanagement, lost promotional opportunities and denigration of her reputation and credibility.

34. As a result of defendants' misconduct, plaintiff has suffered lost income, lost pension credits, loss of professional reputation and credibility in the community she serves, public humiliation and embarrassment, severe stress and emotional distress.

## **CAUSES OF ACTION**

35. Plaintiff incorporates the allegations in paragraphs 1-34 as if fully restated herein.

36. Defendant Burdi knowingly and willfully violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by depriving plaintiff of her right to equal employment opportunity.

37. Defendant DOP knowingly and willfully violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* by discriminating against plaintiff on account of her gender and retaliating against her for her lawful complaint of gender discrimination.

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff back and front pay;

d. award to plaintiff compensatory damages sustained as a result of defendant's discriminatory practices;

e. award to plaintiff punitive damages for defendant's wilful and outrageous conduct in connection with her federal claims;

f. award attorneys fees and costs; and

g. award any other relief deemed just and proper.

Dated: June 4, 2007
Chester, New York

Respectfully submitted,

S/ *Helen G. Ullrich*
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277

Counsel for plaintiff