UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
RITA FLYNN,

                    Plaintiff,

                    07-CV-5821(WCC)(MDF)

   -against-

NEW YORK STATE DIVISION OF PAROLE,        **DEFENDANT'S**
and MICHAEL BURDI, NEW YORK STATE          **ANSWER**
DIVISION OF PAROLE,
                    Defendants.
-----------------------------------------------------------X

       Defendant NEW YORK STATE DIVISION OF PAROLE[1], by its attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers Plaintiff's complaint as follows:

       1.    Denies the averments set forth in paragraph 1 of the complaint, and specifically denies that this suit has been commenced against Michael Burdi.

       2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2 and, therefore, denies same.

       3.    Denies the averments set forth in paragraph 3, except admits that the Division of Parole is part of the State of New York Executive Department.

       4.    Denies the averments set forth in paragraph 4 of the complaint, except admits that Michael Burdi is a Regional Director of the New York State Division of Parole.

       5.    Denies the averments set forth in paragraph 5 of the complaint, except admits that venue is proper.

---

[1] As of the date of the filing of this answer, Michael Burdi has not been served. By filing this answer, Defendant Division of Parole is not waiving any defenses available to Michael Burdi, and is specifically not waiving the his defense of personal jurisdiction.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 6 in that Plaintiff has not attached a right to sue letter from the EEOC conferring jurisdiction, and specifically denies that this Court should exercise its supplemental jurisdiction.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of the complaint and, therefore, denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 8 of the complaint and, therefore, denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9 of the complaint and, therefore, denies same.

10. Denies the averments set forth in paragraph 10 of the complaint.

11. Denies the averments set forth in paragraph 11 of the complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 12 of the complaint and, therefore, denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 13 of the complaint and, therefore, denies same.

14. Denies the averments set forth in paragraph 14 of the complaint.

15. Denies the averments set forth in paragraph 15 of the complaint.

16. Denies the averments set forth in paragraph 16 of the complaint.

17. Denies the averments set forth in paragraph 17 of the complaint.

18. Denies the averments set forth in paragraph 18 of the complaint.

19. Denies the averments set forth in paragraph 19 of the complaint.

20. Denies the averments set forth in paragraph 20 of the complaint.

21. Denies the averments set forth in paragraph 21 of the complaint.

22. Denies the averments set forth in paragraph 22 of the complaint.

23. Denies the averments set forth in paragraph 23 of the complaint.

24. Denies the averments set forth in paragraph 24 of the complaint.

25. Denies the averments set forth in paragraph 25 of the complaint.

26. Denies the averments set forth in paragraph 26 of the complaint.

27. Denies the averments set forth in paragraph 27 of the complaint.

28. Denies the averments set forth in paragraph 28 of the complaint.

29. Admits that DOP conducted an investigation but Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the date of the preparation of the report and, therefore, denies same.

30. Denies the averments set forth in paragraph 30 of the complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 31 of the complaint and, therefore, denies same.

32. Denies the averments set forth in paragraph 32 of the complaint.

33. Denies the averments set forth in paragraph 33 of the complaint.

34. Denies the averments set forth in paragraph 34 of the complaint.

**CAUSES OF ACTION**

35. Defendant restates its answers to paragraphs 1-34 as if fully stated herein

36. Denies the averments set forth in paragraph 36 of the complaint.

37. Denies the averments set forth in paragraph 37 of the complaint.

**PRAYER FOR RELIEF**

Denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. <u>First affirmative defense</u>:  To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

2. <u>Second affirmative defense</u>:  To the extent Plaintiff's complaint was not filed within ninety days of Plaintiff's receipt of a Notice of Right to Sue, the Complaint is jurisdictionally defective.

3. <u>Third affirmative defense</u>:  To the extent that the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

4. <u>Fourth affirmative defense</u>:  Compensatory damages are limited to the amounts authorized by 42 U.S.C. § 1981 a (b)(3)(D).

5. <u>Fifth affirmative defense</u>:  42 U.S.C. §1981a(b)(1) bars Plaintiff from recovering punitive damages against a government entity for violation of Title VII.  Insofar as Plaintiff seeks punitive damages, such damages cannot be asserted against Defendant.

6. <u>Sixth affirmative defense</u>:  Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant asserts that the Division of Parole exercised reasonable care to prevent and correct promptly any harassing behavior, and that the Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

7. <u>Seventh affirmative defense</u>:  To the extent that Defendant discovers during the

course of this action that Plaintiff engaged in any conduct which would warrant discharge under Defendant's policies, Plaintiff's right to recover damages beyond the date of such discovery will be abridged.

8. <u>Eighth affirmative defense</u>:  To the extent that Plaintiff's hostile environment claim is based on timely and untimely conduct, all untimely acts are barred by laches.

9. <u>Ninth affirmative defense</u>:  All of the employment decisions made by Defendant or actions taken by Defendant were made for legitimate, non-discriminatory reasons.

10. <u>Tenth affirmative defense</u>:  Notwithstanding Defendant's denials and previous affirmative defenses herein, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that it/they would have taken the same action in the absence of such impermissible motivating factor.

11. <u>Eleventh affirmative defense</u>:  The allegations contained in Plaintiff's Complaint are time-barred.

12. <u>Twelfth affirmative defense</u>:  Plaintiff has failed to state a claim upon which relief can be granted.

13. <u>Thirteenth affirmative defense</u>: Any actions taken by the Defendant were consistent were job related and consistent with business necessity.

WHEREFORE, Defendant demands judgment dismissing this action, with costs, disbursements and such other and further relief as the Court may deem appropriate.

Dated: August 10, 2007
      New York, New York

                      ANDREW M. CUOMO
                      Attorney General of the
                       State of New York
                      <u>Attorney for Defendant</u>

            By:    <u>/s Christine A. Ryan</u>
                      CHRISTINE A. RYAN (CR 8287)
                      Assistant Attorney General
                      120 Broadway
                      New York, New York  10271
                      (212) 416-8652

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a copy of the foregoing Defendant's Answer to Plaintiff's Complaint was served, via ECF on August 10, 2007 on:

      Helen G. Ullrich
      Bergstein & Ullrich, LLP
      15 Railroad Avenue
      Chester, New York 10918

                      <u>/s Christine A. Ryan</u>
                      Christine A. Ryan (CR 8287)