UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RITA FLYNN,

                        Plaintiff,

                                                                                     07-CV-5821(WCC)(MDF)

   -against-

NEW YORK STATE DIVISION OF PAROLE,              **DEFENDANT BURDI'S**
and MICHAEL BURDI, NEW YORK STATE              **ANSWER**
DIVISION OF PAROLE,
                        Defendants.
-----------------------------------------------------------X

       Defendant MICHAEL BURDI, by his attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers Plaintiff's complaint as follows:

       1.     Denies the averments set forth in paragraph 1 of the complaint, except admits that Plaintiff purports to bring this suit pursuant to 42 U.S.C. Section 1983 and Title VII.

       2.     Defendant admits Plaintiff is a woman. Defendant admits that Plaintiff's provisional appointment with the Division of Parole ("DOP") commenced on November 23, 1979. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 2 and, therefore, denies same.

       3.     Denies the averments set forth in paragraph 3, except admits that DOP is part of the State of New York Executive Department.

       4.     Denies the averments set forth in paragraph 4 of the complaint, except admits that Michael Burdi is a Regional Director of the New York State Division of Parole and admits that Plaintiff purports to sue Regional Director Burdi in his individual capacity.

       5.     Denies the averments set forth in paragraph 5 of the complaint, except admits that venue is proper.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 6 in that Plaintiff has not attached a right to sue letter from the EEOC conferring jurisdiction, and specifically denies that this Court should exercise its supplemental jurisdiction.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of the complaint and, therefore, denies same, except admits that Plaintiff filed a charge with the New York State Division of Human Rights in or about August, 2005.

8. Defendant admits that Plaintiff's provisional appointment with DOP commenced on November 23, 1979.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9 of the complaint and, therefore, denies same.

10. Denies the averments set forth in paragraph 10 of the complaint.

11. Denies the averments set forth in paragraph 11 of the complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 12 of the complaint and, therefore, denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 13 of the complaint and, therefore, denies same.

14. Denies the averments set forth in paragraph 14 of the complaint.

15. Denies the averments set forth in paragraph 15 of the complaint.

16. Denies the averments set forth in paragraph 16 of the complaint.

17. Denies the averments set forth in paragraph 17 of the complaint.

18. Denies the averments set forth in paragraph 18 of the complaint.

19. Denies the averments set forth in paragraph 19 of the complaint.

20. Denies the averments set forth in paragraph 20 of the complaint.

21. Denies the averments set forth in paragraph 21of the complaint.

22. Denies the averments set forth in paragraph 22 of the complaint.

23. Denies the averments set forth in paragraph 23 of the complaint.

24. Denies the averments set forth in paragraph 24 of the complaint.

25. Denies the averments set forth in paragraph 25 of the complaint.

26. Denies the averments set forth in paragraph 26 of the complaint.

27. Denies the averments set forth in paragraph 27 of the complaint, except admits that on October 31, 2006 Plaintiff was notified that an examination had been scheduled pursuant to Section 72 of the Civil Service Law.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and, therefore, denies same.

29. Admits that DOP conducted an investigation but denies that the report was issued in December, 2005 and avers that the Office of Professional Responsibility ("OPR") closed its case on November 29, 2005.

30. Denies the averments set forth in paragraph 30 of the complaint.

31. Denies the averments set forth in paragraph 31 of the complaint, except admits that OPR investigated Plaintiff's allegations of disparate treatment, Plaintiff's removal from the Orange County Sex Offender Task Force, and allegations that Regional Director Burdi released personal information regarding Plaintiff.

32. Denies the averments set forth in paragraph 32 of the complaint, except admits that the OPR determined Plaintiff's complaint regarding her removal from the Orange County Sex Offender Task Force was valid and Plaintiff's complaint against Regional Director Burdi regarding a release of personal information founded.

33. Denies the averments set forth in paragraph 33 of the complaint.

34. Denies the averments set forth in paragraph 34 of the complaint.

**CAUSES OF ACTION**

35. Defendant restates its answers to paragraphs 1-34 as if fully stated herein

36. Denies the averments set forth in paragraph 36 of the complaint.

37. Denies the averments set forth in paragraph 37 of the complaint.

**PRAYER FOR RELIEF**

Denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. First affirmative defense:   To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

2. Second affirmative defense:  To the extent Plaintiff's complaint was not filed within ninety days of Plaintiff's receipt of a Notice of Right to Sue, the Complaint is jurisdictionally defective.

3. Third affirmative defense:  To the extent that the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

4. Fourth affirmative defense:  Compensatory damages are limited to the amounts

authorized by 42 U.S.C. § 1981 a (b)(3)(D).

5. <u>Fifth affirmative defense</u>: 42 U.S.C. §1981a(b)(1) bars Plaintiff from recovering punitive damages against a government entity for violation of Title VII. Insofar as Plaintiff seeks punitive damages, such damages cannot be asserted against Defendant.

6. <u>Sixth affirmative defense</u>: Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant asserts that the Division of Parole exercised reasonable care to prevent and correct promptly any harassing behavior, and that the Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

7. <u>Seventh affirmative defense</u>: To the extent that Defendant discovers during the course of this action that Plaintiff engaged in any conduct which would warrant discharge under Defendant's policies, Plaintiff's right to recover damages beyond the date of such discovery will be abridged.

8. <u>Eighth affirmative defense</u>: To the extent that Plaintiff's hostile environment claim is based on timely and untimely conduct, all untimely acts are barred by laches.

9. <u>Ninth affirmative defense</u>: All of the employment decisions made by Defendant or actions taken by Defendant were made for legitimate, non-discriminatory reasons.

10. <u>Tenth affirmative defense</u>: Notwithstanding Defendant's denials and previous affirmative defenses herein, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that it/they/he would have taken the same action in the absence of such impermissible motivating factor.

11. <u>Eleventh affirmative defense</u>: The allegations contained in Plaintiff's Complaint are time-barred.

12. <u>Twelfth affirmative defense</u>: Plaintiff has failed to state a claim upon which relief can be granted.

13. <u>Thirteenth affirmative defense</u>: Any actions taken by the Defendant were job related and consistent with business necessity.

14. <u>Fourteenth affirmative defense</u>: This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint in that the constitutional claims do not rise to a constitutional level.

15. <u>Fifteenth affirmative defense</u>: Defendant is immune from liability in that at all times relevant hereto, he acted without malice, in good faith and under the reasonable belief that their actions were proper and in accordance with existing law.

16. <u>Sixteenth affirmative defense</u>: Any alleged conduct or omission was, in whole or in part, properly within the discretionary authority committed to defendant to perform his official functions, and the relief requested would constitute an improper intrusion by the federal judiciary into that discretionary authority.

17. <u>Seventeenth affirmative defense</u>: Defendant acted under the objectively reasonable belief that his actions were not violative of Plaintiff's clearly established constitutional rights, therefore, they are protected from liability by qualified immunity.

18. <u>Eighteenth affirmative defense</u>: Defendants have not condoned, created, supported or maintained an official policy, custom, pattern and practice or regulation that permits or promotes the violation of any person's civil rights, and, moreover, there is no official

policy, custom, pattern and practice, or regulation of defendants that has caused plaintiff any injury.

19. <u>Nineteenth affirmative defense</u>: The defendant at no time acted willfully or in malicious disregard of Plaintiff's constitutional rights, and plaintiff, therefore, is not entitled to punitive damages or other relief.

20. <u>Twentieth affirmative defense</u>: The Eleventh Amendment to the United States Constitution prohibits defendant from being sued in his official capacities.

21. <u>Twenty first affirmative defense</u>: Principles of comity bar plaintiff's claims against the defendant.

22. <u>Twenty second affirmative defense</u>: Plaintiff's claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel.

23. <u>Twenty third affirmative defense</u>: The injunctive relief sought by plaintiff, in whole or in part, does not fall within the criteria set forth in 18 U.S.C.A. §3626 (1997) as there are other adequate remedies available to the courts.

24. <u>Twenty fourth affirmative defense</u>: The plaintiff's Complaint fails to state a cause of action against defendant because he lacks personal involvement in the alleged constitutional violations asserted by plaintiff.

25. <u>Twenty fifth affirmative defense</u>: Plaintiff's complaint fails to state a claim against any of the defendants.

26. <u>Twenty sixth affirmative defense</u>: Individuals are not "employers" within the meaning of Title VII and thus are may not sued pursuant to Title VII.

WHEREFORE, Defendant demands judgment dismissing this action, with costs, disbursements and such other and further relief as the Court may deem appropriate.

Dated: New York, New York
August 21, 2007

          ANDREW M. CUOMO
          Attorney General of the
           State of New York
          <u>Attorney for Defendant</u>

By:   <u>/s Christine A. Ryan</u>
      CHRISTINE A. RYAN (CR 8287)
      Assistant Attorney General
      120 Broadway
      New York, New York 10271
      (212) 416-8652

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Defendant Burdi's Answer to Plaintiff's Complaint was served, via ECF on August 21, 2007 on:

    Helen G. Ullrich
    Bergstein & Ullrich, LLP
    15 Railroad Avenue
    Chester, New York 10918

<u>/s Christine A. Ryan</u>
Christine A. Ryan (CR 8287)
